Jacob Chen, Esq.
Dai & Associates, P.C.
1500 Broadway, 2200
New York, NY 10036
(212) 730-8880
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

DAVID STEWART, INDIVIDUALLY AND ON BEHALF
OF ALL OTHER EMPLOYEES SIMILARLY SITUATED

                        Plaintiffs

       -   against  -

GEORGE KALTNER, AVATAR TECHNOLOGIES INC.,
SALES TECHNOLOGIES INC., SALES TECHNOLOGIES
LLC., AVATAR OUTSOURCING, INC., VOICELESS
TECHNOLOGIES, INC.

                     Defendants.
-----------------------------------------------------------------------x

Civil Action No.:
17-cv-565

**COLLECTIVE &
CLASS ACTION
COMPLAINT**

       Plaintiff David Stewart, ("Mr. Stewart"), on his own behalf and on behalf of

all others similarly situated, by and through their attorneys, Dai & Associates, P.C.,

hereby file this complaint against Defendants George Kaltner, Avatar Technologies

Inc., Sales Technologies LLC, Sales Technologies Inc., Avatar Outsourcing, Inc., and

Voiceless Technologies, Inc. (collectively "Defendants") and allege the following:

## INTRODUCTION

       1.    This is an action brought by Mr. Stewart on his own behalf and on behalf

of similarly situated employees, alleging violations of the Fair Labor Standards Act,

29 U.S.C. § 201 et seq. ("FLSA") and the New York Labor Law ("NYLL"), arising

from Defendants' willful and unlawful employment policies and practices.

2.     Defendants have willfully committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay their employees, including Plaintiff, overtime compensation for hours worked over forty (40) each workweek, and intentionally misclassifying employees as independent contractors.

3.     Plaintiff allege pursuant to the FLSA that he and members of the class are entitled to recover (1) unpaid overtime wages, (2) liquidated damages, (3) prejudgment and post-judgment interest, and (4) attorneys' fees and costs.

4.     Plaintiff further alleges pursuant to the NYLL, that they are entitled to recover (1) unpaid overtime compensation, (2) compensation for failure to provide wage notice at the time of hiring and failure to provide conforming paystubs in violation of the NYLL, (3) liquidated damages equal to the sum of unpaid overtime pursuant to the NY Wage Theft Prevention Act, (4) prejudgment and post-judgment interest, and (5) attorney's fees and costs.

5.     Lastly Plaintiff alleges pursuant to New York common law, Plaintiff is entitled to damages arising out of Defendants' misclassifications of Plaintiff and other members of his class as independent contractors as opposed to employees, and is therefore entitled to recover compensatory damages accordingly.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over this controversy under 29 U.S.C. §216, 28 U.S.C. § 1331, and has supplemental jurisdiction over NYLL and other New York State claims under 28 U.S.C. § 1367.

7.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§1391(b) and (c), because Defendants conduct business in this District, and the acts giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

8.     Mr. Stewart is a resident of New York County and was employed as the personal assistant of George Kaltner ("Kaltner") on behalf of Avatar Technologies Inc., Sales Technologies Inc., and Sales Technologies LLC.

## DEFENDANTS

9.     Upon information and belief, Avatar Technologies Inc., Sales Technologies Inc., Sales Technologies LLC, Voiceless Technologies, Inc. and Avatar Outsourcing, Inc. ("Defendant Entities") all individually had gross sales in excess of five hundred thousand dollars ($500,000.00) per year. Upon information and belief, each of the Defendant Entities purchased and resold services in interstate commerce.

10.     Upon information and belief, Avatar Technologies Inc., Sales Technologies Inc., Sales Technologies LLC, and Avatar Outsourcing, Inc. all operated out of Westchester County, New York. Upon information and belief, Voiceless Technologies, Inc. is a Filipino corporation operating out of Illo Illo, Philippines.

11.     Upon information and belief, Defendant Kaltner is the sole owner, officer, and director of each of the Defendant Entities and entirely controlled the day-to-day management and operations of the Defendant Entities and made decisions concerning the classification of workers, hours worked, and pay received for Plaintiff

and all employees of the Defendant Entities, and is wherefore jointly and severally liable with Defendant Entities.

12.   Upon information and belief, Defendant Entities were all alter-egos of one another. They shared the same office space, employed the same set of workers, were all wholly owned and controlled by Kaltner, and extensively intermingled finances through transfer of funds without consideration from their respective bank accounts to one another.

## STATEMENT OF FACTS

13.   Mr. Stewart worked for the Defendant Entities from December 8, 2011 through April 2015.

14.   His primary responsibility was the personal assistant of Kaltner, the owner and chief executive officer of all the Defendant Entities. In that capacity, he assisted Kaltner with various miscellaneous tasks including ordering food, keeping track of schedules, booking appointments, booking all travel arrangements and shows, and cleaning and maintaining Kaltner's office, and generally performing all miscellaneous tasks and responsibilities requested of him by Kaltner.

15.   Throughout his employment, Mr. Stewart worked five days a week, with Saturday and Sunday off. His daily work schedule ran from 9:00 am to 7:00 pm, with a 30 minute lunch break. Additionally he regularly worked an additional 2-3 hours per day after his scheduled work-hours as Kaltner routinely required assistance and services at all times of the day and night and Mr. Stewart was constantly required to

be on call, including during the weekends. Thus, from December 2011 through April 2015, Mr. Stewart worked sixty (60) hours a week.

16. From December 2011 through April 2015, Mr. Stewart was paid an hourly wage of $52.08 and a weekly wage of $2,083.34. Mr. Stewart never received any compensation for any overtime work.

17. When Mr. Stewart started working for Defendant Entities, he was aware Defendant Entities offered all employees benefits including but not limited to health insurance, paid vacation days, paid vacation, withholdings and contributions towards Federal Insurance Contributions Act ("FICA") taxes.

18. None of these benefits were provided by Mr. Stewart during his course of employment for Defendant Entities.

19. Defendant Entities wrongfully and illegally classified Mr. Stewart and many other similarly situated employees as independent contractors.

20. In July 2012, Kaltner explicitly ordered all employees to "incorporate". In October 2012, Defendant Entities paid Companies Incorporated to establish a LLC entity for Mr. Stewart and other employees, and thereafter claimed that all employees were independent contractors and worked for the corporations "owned" by the employees but set up by and paid for by Defendant Entities.

21. Defendant Entities did not compensate Mr. Stewart for overtime compensation according to state and federal laws.

22. Defendant Entities did not provide Mr. Stewart with a wage notice at the time of hiring or at any time during Mr. Stewart's employment.

23.    Defendant Entities did not provide Mr. Stewart and other class members with written notices about the terms and conditions of their employment upon hire in relation to their rate of pay, regular pay cycle and rate of overtime pay. These notices were similarly not provided upon Mr. Stewart's and other Class members' pay increase(s).

24.    Defendants committed the foregoing acts against Mr. Stewart, the FLSA Collective Plaintiffs, and the Class.

25.    Defendants committed the following alleged acts knowingly, intentionally and willfully.

26.    In October 2016, Mr. Stewart through counsel advised Defendants as to Defendants' violation of the aforementioned statutes. Additionally, Mr. Stewart has initiated a claim for unemployment insurance benefits with the New York State Department of Labor.

27.    In retaliation for Mr. Stewart's activities, on December 5, 2016, Defendants initiated a frivolous action against Mr. Stewart in the Southern District of New York, civil action no.: 7:16-cv-9337, asserting baseless allegations of trademark infringement and others to harass Mr. Stewart, taking advantage of his financial situation in order to pressure him against filing this action.

## COLLECTIVE ACTION ALLEGATIONS

28.    Defendants knowingly and willfully operated their business with a policy of not paying Mr. Stewart and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and

one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

29.    Mr. Stewart brings this action individually and on behalf of all other and former misclassified and/or non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and who failed to receive overtime compensation pay for all hours worked in excess of forty (40) hours per week (the "Collective Action Members"), and have been subject to the same common decision, policy, and plan to not provide required wage notices at the time of hiring, in contravention to federal and state labor laws.

30.    Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than (15) Collective Action members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

31.    Mr. Stewart will fairly and adequately protect the interests of the Collective Action Members, and have retained counsel that is experienced and

competent in the field of employment law and class action litigation. Mr. Stewart have

no interests that are contrary to or in conflict with those members of this collective

action.

32.   This action should be certified as collective action because the

prosecution of separate action by individual members of the collective action would

risk creating either inconsistent or varying adjudication with respect to individual

members of this class that would as a practical matter be dispositive of the interest of

the other members not party to the adjudication, or subsequently impair or impede

their ability to protect their interests.

33.   A collective action is superior to other available methods for the fair and

efficient adjudication of this controversy, since joinder of all members is

impracticable. Furthermore, inasmuch as the damages suffered by individual

Collective Action Members may be relatively small, the expense and burden of

individual litigation makes it virtually impossible for the members of the collective

action to individually seek redress for the wrongs done to them. There will be no

difficulty in the management of this action as collective action.

34.   Questions of law and fact common to members of the collective action

predominate over questions that may affect only individual members because

Defendants have acted on grounds generally applicable to all members. Among the

questions of fact common to Plaintiff and other Collective Action Members are:

a. Whether the Defendants employed Collective Action members within the
   meaning of the FLSA;

b. Whether the Defendants misclassified Collective Action members as exempted employees;

c. Whether the Defendants failed to pay the Collective Action Members overtime wages for all hours worked above forty (40) each workweek in violation of the FLSA and the regulation promulgated thereunder;

d. Whether the Defendants failed to provide the Collective Action Members with a wage notice at the time of hiring as required by the NYLL;

e. Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

f. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

35. Mr. Stewart knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

36. Mr. Stewart and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

**CLASS ACTION ALLEGATIONS**

37. Mr. Stewart brings his NYLL claims pursuant to Federal Rules of Civil Procedure ("F. R. C. P.") Rule 23, on behalf of all misclassified and/or non-exempt persons employed by Defendants Entities on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

38. All said persons, including Mr. Stewart, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned

and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P 23.

39. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parities and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than fifteen (15) members of the class.

40. Mr. Stewart's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime compensation. Defendants' corporation wide policies and practices, including but not limited to their failure to provide a wage notice at the time of hiring, affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Mr. Stewart and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

41. Mr. Stewart is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Mr. Stewart is represented by

attorneys who are experienced and competent in representing plaintiffs in both class action and wage and hour employment litigation cases.

42.   A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. The losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, thus the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if

appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

43.   Upon information and belief, defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

44.   There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a. Whether Defendants employed Mr. Stewart and the Class within the meaning of the New York law;

b. Whether Mr. Stewart and Class members are entitled to overtime under the New York Labor Law;

c. Whether the Defendants provided wage notices at the time of hiring to Plaintiff and class members as required by the NYLL;

d. At what common rate, or rates subject to common method of calculation were and are the Defendants required to pay the Class members for their work

## STATEMENT OF CLAIM
### COUNT 1 [Violation of FLSA – Overtime]

45.   Mr. Stewart, on behalf of himself and all other similarly situated Collective Action Members and members of the Class repeats and re-alleges each and

every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

46.    At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation to their employees for their hours worked in excess of forty hours per workweek.

47.    As a result of the Defendants' willful failure to compensate their employees, including Mr. Stewart and the Collective Action members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, the Defendants have violated, and continue to violate, the FLSA, 29 U.S.C, §§ 201 *et seq,* including 29 U.S.C. §§ 207(a) (1) and 215(a), including the federal minimum wage.

48.    As a result of the Defendants' failure to record, report, credit and/or compensate their employees, including Mr. Stewart and the Collective Action members, the Defendants have failed to make, keep and preserve records with respect to each of their employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§201, *et seq.,* including 29 U.S.C. §§ 211(c) and 215(a).

49.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

50.    Due to Defendants' FLSA violations, Mr. Stewart, on behalf of himself and the Collective Action members, is entitled to recover from Defendants their unpaid wages, their unpaid minimum wages, their unpaid overtime compensation, an additional amount

equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT 2 [Violation of New York Labor Law – Overtime]

51.    Mr. Stewart, on behalf of himself and all other similarly situated Collective Action Members and members of the Class repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

52.    Defendants willfully violated Mr. Stewart's rights and the rights of the members of the Class by failing to pay them overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek in violation of the New York Labor Law and its regulations.

53.    The Defendants' New York Labor Law violations have caused Mr. Stewart and the members of the Class irreparable harm for which there is no adequate remedy at law.

54.    64. Due to the Defendants' New York Labor Law violations, Mr. Stewart and the members of the Class are entitled to recover from Defendants their unpaid wages, and unpaid overtime compensation, damages for unreasonably delayed payment of wages, reasonable attorneys' fees and costs and disbursements of the action, pursuant to New

York Labor Law § 663(1) et al.

## COUNT 3 [Violation of New York Labor Law – Failure to Provide Wage Notice at the Time of Hiring]

55.    Mr. Stewart, on behalf of himself and all other similarly situated Collective Action Members and members of the Class repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

56.    The Defendants failed to furnish to the Mr. Stewart at the time of hiring a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL, § 195(1).

57.    Due to the Defendants' violation of the NYLL, § 195(1), Mr. Stewart is entitled to recover from the Defendants liquidated damages of $50.00 per workday that the violation occurred, up to a maximum of $5,000.00, reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL, § 198(1-b).

58.    The Defendants' NYLL violations have caused the Plaintiff irreparable harm for which there is no adequate remedy at law.

**COUNT 4 [Violation of New York Labor Law – New York Pay Stub Requirement]**

59.    Mr. Stewart re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

60.    The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

61.    Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the paystub that comply with the law on or after Mr. Stewart's payday.

62.    Due to Defendants' violations of New York Labor Law, Mr. Stewart is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law N.Y. Lab. Law §198(1-d).

**COUNT 5 [Misclassification of Employment Status / Unjust Enrichment]**

63.    Mr. Stewart, on behalf of himself and all other similarly situated Collective Action Members and members of the Class repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

64.    Defendants willfully misclassified Mr. Stewart and all other similarly situated Collective Action Members and members of the Class as independent contractors when they were in fact employees of Defendants.

65.    As a result of this misclassification, Mr. Stewart and all other similarly situated Collective Action Members and members of the Class suffered economic harm in connection with FICA taxes and the loss of benefits, whereas Defendants were enriched in the process.

66.    Defendants' engagement of willful misclassification was to illegally avoid compliance with unemployment insurance, Workers' Compensation, Social Security, tax withholding, temporary disability, and minimum wage and overtime laws that protect workers, depriving workers of the protections they deserve, and it is therefore against equity and good conscience to permit Defendants to retain the benefits.

67.    Upon information and belief, Kaltner is the sole owner and officer of all Defendant Entities.

68.    Upon information and belief stemming from Mr. Stewart's employment as Kaltner's personal assistant, based on records viewed by Mr. Stewart, Kaltner routinely used bank accounts of Defendant Entities to pay personal expenses including spousal support.

69.    Upon information and belief, Defendant Entities routinely and freely intermingled finances, shared the same office, shared the same employees including Mr. Stewart, and were alter-egos of one another.

70.    Upon information and belief arising from Mr. Stewart's employment as Kaltner's personal assistant, Defendant Entities did not follow corporate formalities and Mr. Stewart does not recall any shareholder or board meeting ever held by any

Defendant Entities during the period of time when Mr. Stewart was employed by Defendant Entities.

71.  Upon information and belief, Kaltner used his dominance of the Defendant Entities to put into place and aforementioned policy of willful misclassification, resulting in Defendants' unjust enrichment at the expense of Mr. Stewart and all other similarly situated Collective Action Members and members of the Class.

### COUNT 6 [Violation of New York Labor Law - Retaliation]

72.  Mr. Stewart re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

73.  Defendants willfully and unlawfully retaliated against Mr. Stewart for his engagement of protected activities, namely, reporting Defendants' wrongful conduct as described in detail above.

74.  In retaliating against Mr. Stewart, Defendants knowingly acted in deliberate disregard of Mr. Stewart's rights by filing a frivolous action on December 5, 2016, in the Southern District of New York bearing civil action no.: 7:16-cv-9337, asserting baseless allegations of trademark infringement and others to harass Mr. Stewart.

75.  Defendants conduct violated New York Labor Law § 215.

76.  As a direct and proximate consequence of Defendants' intentional, unlawful and outrageous conduct, Mr. Stewart suffered and continues to suffer damages including but not limited to humiliation and mental distress, pain and suffering.

77.   Due to Defendants' violation of the New York Labor Law § 215, Plaintiffs are entitled to appropriate legal and equitable relief, including attorney fees and costs.

**WHEREFORE**, Mr. Stewart, on behalf of himself, and the FLSA collective plaintiffs and Rule 23 Class, respectfully request that this court enter a judgment providing the following relief:

a) Authorizing Mr. Stewart at the earliest possible time to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been employed by defendants as non-exempted employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied proper hourly compensation and premium overtime wages;

b) Certification of this case as a class action pursuant to rule 23 of the federal rules of civil procedure;

c) Designation of Mr. Stewart as representative of the Rule 23 Class, and counsel of record as Class counsel;

d) Certification of this case as a collective action pursuant to FLSA;

e) Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective Action Members;

f) A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

g) An injunction against Axon US Corp. its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

h) An award of unpaid wages and overtime wages due Mr. Stewart and the Collective Action members under the FLSA and New York Labor Law, plus compensatory and liquidated damages in the amount of twenty five percent under NYLL §§190 et seq., §§650 et seq., and one hundred percent after March 2010 under NY Wage Theft Prevention Act, and interest;

i) An award of unpaid agreed-upon wages due under New York Labor Law and all applicable theories of contract and equity;

j) An award of damages for Defendants' failure to provide wage notice at the time of hiring as required under the New York Labor Law.

k) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages and overtime compensation pursuant to 29 U.S.C. §216;

l) An award of liquidated and/ or punitive damages as a result of Defendants' willful failure to pay wages, overtime compensation, pursuant to New York Labor Law;

m) An award of compensatory damages as a result of Defendants' unjust enrichment arising out of their intentional misclassification of Mr. Stewart and all other similarly situated Collective Action Members and members of the Class;

n) An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

o) The cost and disbursements of this action;

p) An award of prejudgment and post-judgment fees;

q) Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

r) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated:   New York, New York
         January 25, 2017                    Respectfully Submitted,

                                             DAI & ASSOCIATES, P.C.

                                     By: /s/ Jacob Chen
                                         Jacob Chen
                                         *Attorneys for Plaintiff*
                                         1500 Broadway, Suite 2201
                                         New York, New York 10036
                                         (212) 730-8880

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by Avatar Technologies Inc., Sales Technologies Inc., Sales Technologies LLC. and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

DAVID STEWART
Full Legal Name (Print)

Signature

01.06.17
Date