UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
X----------------------------------------------------------X
DAVID STEWART, individually and on behalf of all
other employees similarly situated,

       Plaintiffs,                              CASE NO.: 1:17-cv-00565-JGK

       v.

GEORGE KALTNER, AVATAR TECHNOLOGIES, INC.,
SALES TECHNOLOGIES, INC., SALES TECHNOLOGIES,
LLC, AVATAR OUTSOURCING, INC.,

       Defendants.
X----------------------------------------------------------X

**PLEASE TAKE NOTICE THAT** Defendants, GEORGE KALTNER, AVATAR TECHNOLOGIES, INC., SALES TECHNOLOGIES, INC., SALES TECHNOLOGIES, LLC, and AVATAR OUTSOURCING, INC., ("Defendants"), by their attorneys, Law Offices of Nolan Klein, P.A., will move this Court, upon the attached Memorandum of Law, and the supporting Exhibits annexed thereto, for and Order dismissing the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

The grounds for this motion, as discussed in the accompanying Memorandum of Law, are that, (i) based on Plaintiff's admissions in this Court and other fora, he was exempt from overtime protections of the Fair Labor Standards Act; and (ii) this Court, if it dismisses Plaintiff's only federal claim, should decline to exercise supplemental jurisdiction over Plaintiff's New York State law claims.

**PLEASE TAKE FURTHER NOTICE THAT** pursuant to Order of this Court dated April 11, 2017, Plaintiff's opposing papers are to be filed on May 12, 2017. Defendants' reply papers are to be filed May 23, 2017.

DATED this **28th** day of **April**, 2017.

                                        Respectfully Submitted,

                                        **Law Offices of Nolan Klein, P.A.**
                                        *Attorneys for Defendants*
                                        347 West 36th Street, Suite 805
                                        New York, NY 10018
                                        PH:    (646) 560-3230
                                        FAX:  (877) 253-1691

                                        By:   */s/ Valerie K. Ferrier*
                                        VALERIE K. FERRIER, ESQ. (VF 0209)
                                        ferrier@nklegal.com
                                        NOLAN KLEIN, ESQ. (NK4223)
                                        klein@nklegal.com
                                        amy@nklegal.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
X----------------------------------------------------------X
DAVID STEWART, individually and on behalf of all
other employees similarly situated,

      Plaintiffs,                               CASE NO.: 1:17-cv-00565-JGK

      v.

GEORGE KALTNER, AVATAR TECHNOLOGIES, INC.,
SALES TECHNOLOGIES, INC., SALES TECHNOLOGIES,
LLC, AVATAR OUTSOURCING, INC.,

      Defendants.
X----------------------------------------------------------X

Defendants, GEORGE KALTNER, AVATAR TECHNOLOGIES, INC., SALES TECHNOLOGIES, INC., SALES TECHNOLOGIES, LLC, and AVATAR OUTSOURCING, INC., ("Defendants"), pursuant to Fed. R. Civ. P. 12(b)(6), file the following Motion to Dismiss the Amended Complaint (DE #19), and as grounds state:

### I.    FACTUAL BACKGROUND

In this action, Plaintiff, who admits he was paid in excess of $2,000.00 per week, allegedly as a personal assistant, claims to have been misclassified, such that he was entitled to overtime under the Fair Labor Standards Act ("FLSA"). Plaintiff also asserts multiple claims under the New York Labor Law ("NYLL") (e.g., overtime, wage notice, retaliation). However, Plaintiff's own admissions, including to this Court in another case between the parties, establish that he was not a personal assistant, but instead, worked in a managerial capacity as a billing coordinator, overseeing a staff of over a dozen people. His job duties, combined with his salary, exempt him from the overtime protections of the FLSA and the NYLL.

Courts in this Circuit, when dismissing the only federal claims asserted, typically decline to exercise supplemental jurisdiction to adjudicate claims arising exclusively under State law. *See*

*Kolari v. N. Y Presbyterian Hosp.,* 455 F.3d 118, 122 (2d Cir. 2006) ("'[Declining] to exercise supplemental jurisdiction'" over state law claims because the court "'has dismissed all claims over which it has original jurisdiction'") (quoting 28 U.S.C. §1367(c)(3)); *Anderson v. Nat'l Grid, PLC,* 93 F. Supp. 3d 120, 147 (E.D.N.Y. 2015) ("Having determined that the federal claims against defendants do not survive summary judgment, the Court concludes that retaining jurisdiction over any state law claims is unwarranted."); *Sykes v. North Fork Bank,* 2009 U.S. Dist. LEXIS 117311, *4-5 (E.D.N.Y. 2009). As a result, it is respectfully submitted that Plaintiff fails to state a claim under the FLSA, and accordingly, his Amended Complaint should be dismissed in its entirety.

## II.   MEMORANDUM OF LAW

### A.   Legal Standard for Dismissal Under Fed. R. Civ. P. 12(b)(6)

"When deciding a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Court must read the complaint generously, accepting as true the factual allegations in the complaint and drawing all inferences in favor of the pleader. *Bolt Elec. v. City of New York,* 53 F.3d 465, 469 (2d Cir.1995); *Mills v. Polar Molecular Corp.,* 12 F.3d 1170, 1174 (2d Cir.1993). The Court will grant such a motion only if, after viewing plaintiff's allegations in a most favorable light, 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Walker v. City of New York,* 974 F.2d 293, 298 (2d Cir.1992)." *Hart v. Dresdner Kleinwort Wasserstein Sec., LLC*, 2006 WL 2356157, at *3 (S.D.N.Y. Aug. 9, 2006) (Batts, J.). In considering a motion to dismiss, the court may consider any documents incorporated by reference in the complaint, or upon which plaintiff relied in bringing the complaint. *See, e.g., McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007) *citing Taylor v. Vt. Dep't of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002). *Salvatierra v. Connolly*, 2012 WL 996944, at *10 (S.D.N.Y. Feb. 29, 2012), *report and*

4

*recommendation adopted,* 2012 WL 1003562 (S.D.N.Y. Mar. 26, 2012) ("The court may also consider documents that the plaintiff 'either possessed or knew about and upon which [he] relied in bringing ... suit.' *Rothman v. Gregor,* 220 F.3d 81, 88–89 [2d Cir. 2000]; *see also Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152–53 [2d Cir. 2002] ['Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint.' (internal quotations omitted)]; *Magnifico v. Blumenthal,* 471 F.3d 391, 398 [2d Cir. 2006] [recognizing that the court can consider documents on which plaintiff relied in bringing suit]").

"The application of an exemption to the FLSA is an affirmative defense, *Corning Glass Works v. Brennan,* 417 U.S. 188, 196–97 … (1974), which may be raised in a pre-answer Rule 12(b)(6) motion 'if the defense appears on the face of the complaint,' *Iowa Pub. Emps. Ret. Sys. v. MF Global, Ltd.,* 620 F.3d 137, 145 (2d Cir.2010) (internal quotation marks omitted)." *Chen v. Major League Baseball Properties, Inc.,* 798 F.3d 72, 81 (2d Cir. 2015) (dismissing FLSA claim pursuant to exemption).

### B. <u>Even if Plaintiff was an Employee,[1] he was Not Eligible for FLSA Overtime</u>

This case presents a unique situation. Plaintiff, who claims in his Amended Complaint that he worked as a personal assistant, earning $108,333.38 annually,[2] has admitted in other for a, including another case in this Court (S.D.N.Y. 7:16-cv-9337), that he was a billing coordinator,

---

[1] Defendants dispute Plaintiff's allegation that he was an employee. He was an independent contractor, operating his own LLC, which performed contract-based billing and accounting services for Defendants. However, because Defendants recognize that the Court may consider Plaintiff's proper employment classification to be a question of fact, at this stage of the proceedings, Defendants assume without admitting, and only for the purposes of this motion, that Plaintiff was an employee.

[2] It is unclear from the face of the pleading whether this figure reflects Plaintiff's net or gross income.

managing a staff of more than a dozen people. Plaintiff appear *pro se* in the other Southern district lawsuit. This Court may take judicial notice of his filing as admissions. At DE #24, p. 3 in that case, on February 13, 2017, Plaintiff stated to Judge Karas, "For over 10 years, I've worked in the capacity of billing coordinor [sic] and ^some^ personal assistant duties." **Exhibit A**, annexed hereto. Moreover, Plaintiff publicly posted his own résumé to Facebook, after initiating this lawsuit, in which he asserts that, contrary to his representations to in this case, he was a "billing coordinator" who "managed a staff of 15 invoicing and collection employees in New York and the Philippines." **Exhibit B**, annexed hereto.

Prior to this initiating this lawsuit, Plaintiff also filed a claim with the New York State Department of Labor seeking unemployment against Defendants. In his submission dated November 29, 2015 (**Exhibit C**, annexed hereto), in response to the directive to "describe in detail the services you performed," Plaintiff wrote, "I've managed Avatar Technologies billing & collection dept." By signing the form, he "certif[ied] that these statements are true to the best of my knowledge and I am aware that there are penalties provided for making false statements[.]"

This Court may consider Plaintiff's own admissions in evaluating the viability of his claim.

> Pursuant to Rule 201 of the Federal Rules of Evidence, a court may take judicial notice, "at any stage of the proceeding," of any fact that is "not subject to reasonable dispute because it ... can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Courts regularly take notice of publicly available documents including, for example, … information contained on websites where "the authenticity of the site has not been questioned." *Hotel Employees & Rest. Employees Union, Local 100 of New York*, *N.Y. & Vicinity, AFL CIO v. City of New York Dep't. of Parks & Recreation*, 311 F.3d 534, 549 (2d Cir. 2002)[.]

*Fernandez v. Zoni Language Centers, Inc.,* 2016 WL 2903274, at *3 (S.D.N.Y. May 18, 2016) (Castel, J.) (finding plaintiffs exempt under the FLSA, and declining to exercise supplemental jurisdiction over NYLL claims). *See also, e.g., Kilkenny v. Law Office of Cushner & Garvey,*

*L.L.P.*, 2012 WL 1638326 (S.D.N.Y. May 8, 2012) (Karas, J.) (discussing FLSA exemptions and effect of plaintiff's amended complaint omitting admissions made in original complaint).

Given Plaintiff's acknowledged six-figure salary, as alleged in the Amended Complaint, as well as the administrative/managerial job duties he admits in his judicial and administrative filings and publicly-posted résumé, he was clearly exempt from overtime protections afforded by the FLSA.

Assuming, for the purposes of this motion only that Plaintiff was an employee, he would still not have been covered by the overtime protections afforded by the FLSA based upon a combination of exemptions. Among other things, Plaintiff trained and managed a staff of 15 people in the U.S. and the Philippines, "researched and resolved payment discrepancies," and "validated and signed off on weekly collections reports." Ex. B.

"[C]ertain employees, including those who are employed in 'a bona fide executive, administrative, or professional capacity', are exempt from this overtime compensation requirement." *Anani v. CVS RX Servs., Inc.*, 788 F. Supp. 2d 55, 59 (E.D.N.Y. 2011), *aff'd*, 730 F.3d 146 (2d Cir. 2013). "The FLSA does not define the terms 'executive,' 'administrative,' or 'professional' for purposes of the exemption, but directs the Secretary of Labor to do so by regulation. 29 U.S.C. § 213(a)(1). The Secretary's regulations have the force of law, and are generally given controlling weight. *See Auer v. Robbins,* 519 U.S. 452, 461 (1997) ('Because the salary-basis test is a creature of the Secretary's own regulations, his interpretation of it is ... controlling unless "plainly erroneous or inconsistent with the regulation."') (quoting *Robertson v. Methow Valley Citizens Council,* 490 U.S. 332, 359, 109 S.Ct. 1835, 104 L.Ed.2d 351 (1989))." *Callari v. Blackman Plumbing Supply, Inc.*, 988 F. Supp. 2d 261, 275–76 (E.D.N.Y. 2013).

7

As of the time Plaintiff was performing work for Defendants, i.e., until April, 2015, assuming *arguendo*, that he was an "employee" at all, he was exempt under the FLSA. His own public statements demonstrate as much. "To qualify as an exempt executive, administrative or professional employee under section 13(a)(1) of the Act, an employee must be compensated on a salary basis at a rate of not less than $455 per week." 29 C.F.R. § 541.600.[3] "In order to meet the criteria for the 'professional' exemption, an employee must satisfy both a 'salary basis test' and a 'duties test.' *See* 29 C.F.R. § 541.2; *Auer,* 519 U.S. at 455; *Coleman–Edwards v. Simpson,* 330 Fed.Appx. 218, 219 (2d Cir.2009)." *Anani*, 788 F. Supp. 2d at 60 (string citations omitted). The employee must receive a "predetermined amount constituting all or part" of their compensation, which is "not subject to reduction because of variations in the quality or quantity of work performed." 29 C.F.R. § 541.602(a). The Amended Complaint alleges that Plaintiff was paid $2,083.34 each week. DE #19, ¶16.

When an employee earns a high salary, as did Plaintiff here, the "short test" applies, and an extensive evaluation of their specific duties becomes unnecessary for purposes of determining the applicability of the FLSA's overtime protections. *Reiseck v. Universal Commc'ns of Miami, Inc.,* 591 F.3d 101, 105 (2d Cir. 2010). "A high level of compensation is a strong indicator of an employee's exempt status, thus eliminating the need for a detailed analysis of the employee's job duties." 29 C.F.R. § 541.601.

> An "employee employed in a *bona fide* executive capacity" is defined as any employee: (1) compensated on a salary basis at a rate of not less than $455 per week; (2) whose primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof; (3) who customarily and regularly directs the work of two or more other employees; and (4) who has the authority to hire or fire other employees or whose

---

[3] Indeed, even under the higher salary amount enacted after December 1, 2016, Plaintiff would still be exempt, since he more than double the $913 weekly baseline, as alleged in the Amended Complaint.

> suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight. 29 C.F.R. § 541.100(a).
>
> Plaintiff solely contends that whether management was her primary duty should be a question for the jury to decide. Plaintiff's argument is without merit.

*Amash v. Home Depot U.S.A., Inc.,* 24 F. Supp. 3d 214, 218 (N.D.N.Y. 2014) (dismissing case where "Plaintiff concedes that she satisfied three of the four prongs of the *bone fide* executive exemption").

"Management" is defined by the DOL regulations as including, among others, activities such as training of employees, as Plaintiff admits he did; and directing the work of employees, as Plaintiff also admits he did. 29 C.F.R. § 541.102. "Administrative" functions are those performed by any employee earning "not less than $455 per week," "[w]hose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers," and "[w]hose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.200(a)(1)-(3).

Plaintiff's own statements indicates he trained and managed a staff of fifteen other people. Moreover, Plaintiff's work in the billing and "collections" functions of Defendant companies (more commonly referred to as accounts receivable), falls within the administrative exemption. "With the minimum salary provision not in dispute …, the issue is whether [plaintiff's] position … satisfied these 'directly related' and 'discretion and independent judgment' elements, thereby falling within the administrative exemption to the FLSA's overtime requirements. … The Department of Labor regulations offer further guidance on this element: 'To meet this ["directly related"] requirement, an employee must perform work directly related to assisting with the running or servicing of the business[.]'" *Neary v. Metro. Prop. & Cas. Ins. Co.,* 517 F. Supp. 2d

606, 613 (D. Conn. 2007). Billing clients and collecting money are directly related to running a business. An employee exercising "independent judgment" must have the "authority to make an independent choice, free from immediate direction or supervision ... even if their decisions or recommendations are reviewed at a higher level." 29 C.F.R. § 541.202(c), (e). Plaintiff's professed work as a billing coordinator, including reconciling payment disputes, clearly falls under this exemption.

Further, Plaintiff could be considered exempt under one of the "combination exemptions" recognized under the FLSA. "In addition, the DOL regulations also provide for a 'combination exemption,' which applies to those employees who 'perform a combination of exempt duties as set forth in the regulations[.]' (quoting 29 C.F.R. § 541.708). In this regard, employees whose primary duty involves a combination of exempt administrative and exempt executive work may qualify as exempt workers, despite the fact that their duties fit neatly within neither the executive nor the administrative exemption." *Callari*, 988 F. Supp. 2d at 276–77 (some internal quotations omitted).

### III.  CONCLUSION

This Court may take judicial notice of Plaintiff's admissions in the form of his *pro se* filings in another case in this Court; his application to the New York State Department of Labor, certified as true, that he managed the billing and collection department; and his own publicly posted résumé. Based on his job duties and salary, under controlling case law interpreting the regulations, even assuming Plaintiff was an "employee" for purposes of the FLSA, he was nevertheless exempt under from the overtime protections afforded by the FLSA. Accordingly, the FLSA claim should be dismissed, the Court should decline to exercise supplemental jurisdiction over Plaintiff's non-federal claims, and the Amended Complaint should be dismissed in its entirety.

Respectfully Submitted,

**Law Offices of Nolan Klein, P.A.**
*Attorneys for Defendants*
347 West 36th Street, Suite 805
New York, NY 10018
PH:     (646) 560-3230
FAX:   (877) 253-1691

By:   */s/ Valerie K. Ferrier*
 VALERIE K. FERRIER, ESQ. (VF0209)
  ferrier@nklegal.com
  NOLAN KLEIN, ESQ. (NK4223)
  klein@nklegal.com
  amy@nklegal.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing instrument was e-filed with the Clerk of the Court using CM/ECF, this **28th** day of **April,** 2017.

By:   */s/ Valerie K. Ferrier*
        Valerie K. Ferrier, Esq.

## SERVICE LIST:

**JACOB CHEN, ESQ.**
DAI & ASSOCIATES, P.C.
1500 Broadway, Ste. 2201
New York, NY 10036
PH:     (212) 730-8880
*Attorneys for Plaintiff*