USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 12/19/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DAVID STEWART,

    Plaintiff,

- against -

GEORGE KALTNER, ET AL.,

    Defendants.

---

17-cv-565 (JGK)

MEMORANDUM OPINION
& ORDER

JOHN G. KOELTL, District Judge:

  The plaintiff, David Stewart, has filed a motion to amend his complaint, requesting permission to add factual allegations relating to his overtime and retaliation claims and to add a claim for retaliation under the Federal Labor Standards Act ("FLSA"). The plaintiff's current complaint alleges various compensation-related claims under the FLSA and the New York Labor Law ("NYLL").

  Federal Rule of Civil Procedure 15(a) provides that the "court should freely give leave [to amend] when justice so requires." "[A]bsent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility, Rule 15's mandate must be obeyed." Monahan v. N.Y.C. Dep't of Corr., 214 F.3d 275, 283 (2d Cir. 2000).

  To the extent the second amended complaint seeks to add factual allegations relating to the overtime and retaliation

1

claims, those amendments were not so delayed to result in any prejudice to the defendants. If the defendants intend to argue that there are inconsistencies between the factual allegations added to the second amended complaint and documents in the record, they may identify those inconsistencies in subsequent motion practice.

The second amended complaint also adds a claim for retaliation under the FLSA. Because the standards for retaliation under the NYLL and FLSA significantly overlap, and the plaintiff had previously pleaded a claim for retaliation under the NYLL, there is no prejudice to the defendants by the addition of the FLSA retaliation claim. See Kassman v. KPMG LLP, 925 F. Supp. 2d 453, 472 (S.D.N.Y. 2013). The plaintiff also moved to amend his complaint before the deadline set by this Court in the scheduling order to add parties or causes of action.

Accordingly, the Court grants the plaintiff's motion to amend. The plaintiff is directed to file the second amended complaint on the Electronic Case Filing system. The Clerk of Court is directed to close the motion at Docket No. 58. The defendants time to move or answer in response to the second amended complaint is **January 12, 2018**. A pre-motion conference is not necessary if the defendants choose to file a motion, but

the parties should send the Court a letter proposing a briefing schedule for the opposition and reply.

**SO ORDERED.**

Dated:    New York, New York
            December 18, 2017

                                            John G. Koeltl
                                     United States District Judge