## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (hereinafter the "Agreement") is made and entered into by and between David Stewart ("Stewart" or "Plaintiff") and Avatar Technologies, Inc. ("ATI"), Sales Technologies, Inc. ("STI"), Avatar Outsourcing, Inc. ("AOI"), Voiceless Technologies, Inc. (a Philippines For-Profit Company) ("VT") and George Kaltner ("Kaltner") (hereafter being referred to collectively as "Defendants") (all identified parties are hereinafter referred to collectively as the "Parties" or the "Settling Parties" or individually, as appropriate, as a "Party" or a "Settling Party").

## W I T N E S S E T H

WHEREAS, Plaintiff alleges that he was a former employee for Defendants performing various services for Defendants under the supervision of the Owner for Plaintiff; and

WHEREAS, Plaintiff filed a lawsuit in the United States District Court for the Southern District of New York against Defendants and others known as <u>Stewart v. Kaltner., et al.</u>, Civil Case No. 1:17-cv-565 (the "Action") claiming violations of various wage and hour laws; and

WHEREAS, Defendants deny all allegations as set forth in the Action; and

WHEREAS, the Settling Parties desire to resolve all wage and hour claims that were or could have been asserted by Plaintiff in the complaint without incurring the costs of continuing litigation and without admission of any wrongdoing; and

NOW THEREFORE, the Parties, intending to be legally bound, and in consideration of the mutual promises and other good and valuable consideration contained herein, agree as follows:

## I
## SETTLEMENT/CONSIDERATION

Plaintiff agree to dismiss, without prejudice, all claims against Defendants and release them, in return for the following:

1. Concurrently with the execution of the within agreement, Plaintiff's counsel shall forward IRS Form W9 for its firm and for Plaintiff.
2. Subsequent to the providing of the W9 Forms and execution of this Agreement, and with the consent and approval thereto by the Court consistent with *Cheeks v. Freeport Pancake House*, Defendants shall pay the aggregate amount of Twenty Thousand Dollars ($20,000.00) (the "Settlement Payment") to the Plaintiff by Attorney Trust Checks, which checks shall thereafter be distributed to the Plaintiffs and their counsel as follows:

    A. Stewart shall receive Ten Thousand Dollars ($10,000.00); and
    B. Dai and Associates, P.C. counsel for Plaintiffs, shall receive Ten Thousand Dollars ($10,000.00).

These payments shall be made by separate trust checks from Defendants' attorney's trust

1

account that will be delivered to Plaintiffs' counsel who shall distribute such checks accordingly.

3. The Parties further agree that the following shall govern the Settlement Payment:

    A. Defendants warrant that, as of the entry of the Cheek's Order, , their attorneys, Lurie|Strupinsky, LLP hold the Settlement Payment in an Attorney Trust account.

    B. All of the Attorney Trust Checks constituting the Settlement Payment shall be delivered within ten (10) days of the Court's approval of the Agreement by overnight mail to Plaintiff's.

    C. The Parties agree that 50% of the Settlement Payment payable to Individual Plaintiffs shall be considered as liquidated damages.

    D. The Parties agree that should any federal, state or local taxes be determined to be owing by any party on the payment of the sums received by Plaintiff or their attorneys under this Agreement, each party shall be solely and completely responsible for his, her or its taxes, interest or penalties.

## II
## RELEASES

1. In return for the consideration set forth in Paragraph I above, Plaintiff, his administrators, attorneys, representatives, successors and assigns hereby voluntarily, irrevocably and unconditionally releases and forever discharges Defendants from all wage and hour claims against Defendants and their heirs, executors, administrators, attorneys, representatives, successors and assigns, predecessors, subsidiaries, divisions, affiliates, branches, insurers, insurance carriers and their respective present, future and former officers, trustees, agents, insurers, representatives, fiduciaries, directors, owners, supervisors, managers, and employees (the "Covered Group") under the Fair Labor Standards Act, the New York Labor Law or the common law of New York or any other state or jurisdiction, which Plaintiffs asserted or could have asserted in this Action, including, but not limited to, any claims in any way related to (1) Plaintiffs' employment or the termination of that employment, claims for compensation, bonuses, commissions, lost wages, or unused accrued vacation or sick pay; (2) the design or administration of any employee benefit program; (3) any rights Plaintiffs may have to severance or similar benefits or to post-employment health or group insurance benefits; or (4) any Claims to attorneys' fees or other indemnities. Any claims or causes of action not specifically set forth in the recitals herein, or not logically the natural result thereof, are not subject to the within release.

2. Plaintiff warrants to Defendants that, other than the claims asserted in this Action, he has no other claims or potential claims against Defendants.

## III

## NON-DISPARAGEMENT

The Parties at all times hereafter agree that they shall not make, or encourage any other individual to make any public or private disparaging comments, including but not limited to written, verbal, or electronic communications, about each other or any of the Covered Group to any individual or entity and/or to take any direct action that would disparage any Party, including any of the Releasees. For purposes of this Agreement, the term "disparage" and/or "disparaging" shall mean any degrading, belittling or slighting statement which adversely affects the reputation of any Party or of any of the Covered Group. Notwithstanding the above, Plaintiffs may make truthful statements about their settlement, their efforts to enforce their statutory rights, and their experience litigating this Action.

## IV
## BREACH

Should any Party breach any term set forth herein, and after being provided with a period of fifteen (15) days to cure with notice of the default by way of the Notice provisions below, then such non-breaching Party or Parties shall be entitled to recover damages against the breaching party or parties, including interest, costs, expenses and reasonable attorneys' fees, also including any appeal and collection proceeding, accruing to the non-breaching party or parties as a consequence of the breach.

## V
## WHO IS BOUND

Plaintiff and Defendants are all bound by the terms of this Agreement. Anyone who succeeds to the rights and responsibilities of Plaintiff and/or Defendants, such as the executor of an estate or successor in interest, is also bound by this Agreement. Plaintiff and Defendants each affirm that they have not assigned their claims or obligations under this Agreement.

## VI
## NON-ADMISSION OF LIABILITY

In no event shall this Agreement, or any of its provisions, or any related negotiations, statements, or proceedings, be construed in any way as, offered as, received as, used as, or deemed to be an admission or concession by any Party of any liability or wrongdoing and shall not be used as evidence of any kind in any action, investigation, or proceeding, whether judicial, administrative, or otherwise, except as necessary for the enforcement and/or implementation of the terms of this Agreement, or as proof of this Agreement. The Parties expressly deny any wrongdoing, breach or violation of any legal or contractual duty or other obligation in connection with the allegations set forth in the Parties' respective pleadings.

## VII

## NOTICES

All notices and all applications to any court required by or given under this Agreement shall be given by overnight mail through a service to which any package may be tracked, and addressed as follows:

a. As to Plaintiff:

> Jacob Chen, Esq.
> Dai and Associates, PC
> 1500 Broadway, Suite 2200
> New York, New York 10036

b. As to Defendants:

> Joshua M. Lurie, Esq.
> Lurie|Strupinsky, LLP
> 15 Warren Street, Suite 36
> Hackensack, New Jersey 07601

## VIII
## SEVERABILITY

If any provision of this Agreement, or the enforcement thereof, is held by a court of competent jurisdiction to be invalid, unenforceable or illegal, in whole or in part, in any respect, that holding shall not affect the validity and/or enforceability of any other provision of this Agreement.

## IX
## ADVICE OF COUNSEL

Each of the Settling Parties represents that, before executing this Agreement, each such Settling Party has read this Agreement thoroughly, has consulted with legal counsel, and understands the meaning and effect of this Agreement. Each of the Settling Parties further represents that, in executing this Agreement, each such Settling Party is fully cognizant of the rights being relinquished pursuant to this Agreement and the consideration, therefore.

## X
## CONSTRUCTION

This Agreement has been prepared by the joint efforts of the attorneys for the Settling Parties. The Settling Parties acknowledge and agree that the usual rules of construction, to the effect that ambiguities in a document are to be resolved against the drafting party, shall not be employed in the interpretation of this Agreement and that this Agreement shall be construed as if jointly prepared by all Settling Parties.

4

## XI
## SURVIVAL

The representations, warranties and covenants contained in this Agreement or in any other document delivered hereunder shall survive the execution of this Agreement.

## XII
## NON-WAIVER

The failure of a Settling Party to insist upon strict performance of any obligation or provision of this Agreement shall not be construed as a waiver thereof nor deprive that Settling Party of the right thereafter to insist upon the strict performance of any obligation or provision of this Agreement.

## XIII
## ENTIRE AGREEMENT/AMENDMENTS

This Agreement represents the entire agreement, between and among the Settling Parties, with respect to the subject matters referred to herein. There are no promises, inducements, representations, warranties, understandings, undertakings or agreements, oral or written, express or implied, by, between or among the Settling Parties, except as specifically set forth herein.

This Agreement may not be altered, amended, canceled, revoked or otherwise modified except by written agreement subscribed by all Settling Parties whose rights and obligations are affected by such amendment, cancellation, revocation or other modification.

## XIV
## HEADINGS AND SYNTAX

The headings set forth in this Agreement are for convenience and reference only and are not intended to modify, limit, enlarge, describe or affect in any way the content, scope or intent of this Agreement. All references made and pronouns used shall be construed in the singular or the plural and in such gender as common sense and circumstances indicate and require.

## XV
## EXECUTION AND COUNTERPARTS

This Agreement may be executed in one or more counterparts, each of which when executed and delivered shall be an original, and all of which when executed shall constitute one and the same instrument. Signatures on this Agreement or any counterpart of this Agreement, transmitted by facsimile machine or electronic mail shall have the same force and effect as original signatures.

## XVI

## AUTHORITY

Each Settling Party whose signature is affixed hereto represents and warrants that he or she is authorized to execute this agreement on behalf of the entity or individual on whose behalf his signature is affixed and that he or she is acting in the scope of such agency and authority. Each Settling Party specifically represents and warrants that no signatures other than those made on this Agreement are necessary to bind the Settling Parties to all of the obligations imposed by the Agreement, and to render this Agreement legal, valid and binding upon the Settling Parties.

## XVII
## GOVERNING LAW

This Agreement and any other documents referred to herein shall be governed by, construed, and enforced in accordance with the laws of the State of New York without regard to conflicts of laws principles.

## XVIII
## FURTHER ASSURANCES

The Settling Parties hereto agree to execute such other documents and to take such other action as may be reasonably necessary to further the purposes of this Agreement.

## XIX
## ORGANIZATION AND AUTHORITY

Each of the Settling Parties represents and warrants, with respect to itself or himself or herself only, that:

(i) if such a party is an entity:
    (a) it is duly organized, validly existing, and in good standing under the laws of its jurisdiction of incorporation and organization, and
    (b) it has the requisite power and authority to enter into this Agreement and to perform all of its, as applicable, obligations under this Agreement;
(ii) the execution and delivery of this Agreement and the performance by such party of its obligations under this Agreement has been authorized by all requisite action on its part;
(iii) there are no other persons or entities whose consent or joinder to this Agreement is necessary to make fully effective those provisions of this Agreement that obligate, burden, bind or apply to it or him/her, as applicable;
(v) it or he/she, as applicable, is the owner of any and all Claims that it or he/she, as applicable, has released under this Agreement; and
(vi) it or he/she, as applicable, has not transferred, assigned, or ledged to any third party, any right to bring, pursue, or settle any of the claims which could have been asserted in the Actions.

(vii) as of the date hereof, neither party has contemplated filing nor filed any petition for relief in any United States Bankruptcy Court nor contemplated nor filed an action for the Assignment for the Benefit of Creditors.

## XX
## CONSENTS AND APPROVALS; NO VIOLATIONS

Each of the Settling Parties represents and warrants, with respect to itself or himself/herself only, that neither the execution nor the delivery of this Agreement by any such Settling Party, nor the performance by any such Party or its or his/her, as applicable, obligations hereunder will:

(i) if such party is an entity, violate the certificate of incorporation, by-laws, or any other organizational document of such party;
(ii) conflict in any material respect with or result in a material violation or breach of, or constitute a material default under, any material contract, agreement, or instrument to which such a Party is a party; or
(iii) violate or conflict in any material respect with any rule, regulation, judgment, order or decree of any court, administrative agency or governmental authority applicable to such party.

## XXI
## NO THIRD-PARTY BENEFICIARIES

No provision of this Agreement will be deemed to be construed in any way to result in the creation of any right or obligation in any person not a party to this Agreement or not identified in this Agreement. Specifically, but not exclusively, any Non-Settling Party to the Action shall not be afforded any rights or obligations as a result of this Agreement.

## XXII
## DISPUTES

Any disputes arising related to this Settlement Agreement and Mutual Release, whether related to construction or performance, shall be subject to the exclusive jurisdiction of the courts of competent jurisdiction located in New York City, New York to the exclusion of all other jurisdictions. Nothing herein shall be construed as to be an admission or consent to jurisdiction, either personal or subject matter, over any party to this Agreement and each party shall reserve the right, in any dispute, to argue lack of jurisdiction.

**[ - REMAINDER OF PAGE INTENTIONALLY BLANK - ]**

The Undersigned enter this Settlement Agreement and Release knowingly and voluntarily. No one has forced us to enter this Settlement Agreement and Release.

Dated: _____    DAVID STEWART

_____
David Stewart

STATE OF _____      )
                                                                                ss:
COUNTY OF _____     )

BE IT REMEMBERED, that on this \_\_\_\_ day of _____, 2020, before me the subscriber, _____, personally appeared _____, who, I am satisfied, is the person mentioned in the within instrument, and thereupon she acknowledged that she signed, sealed, and delivered the same as her voluntary act and deed, for the uses and purposes therein expressed

_____
Notary Public

8

Dated: _____    SALES TECHNOLOGIES, INC.


By:_____
Name:
Title:

  BE IT REMEMBERED, that on this ____ day of _____, 2020, before me the subscriber, _____, personally appeared _____, who, I am satisfied, is the person mentioned in the within instrument, and thereupon she acknowledged that she signed, sealed, and delivered the same as her voluntary act and deed, for the uses and purposes therein expressed

_____
Notary Public


Dated: _____    AVATAR TECHNOLOGIES, INC.


By:_____
Name:
Title:

  BE IT REMEMBERED, that on this ____ day of _____, 2020, before me the subscriber, _____, personally appeared _____, who, I am satisfied, is the person mentioned in the within instrument, and thereupon she acknowledged that she signed, sealed, and delivered the same as her voluntary act and deed, for the uses and purposes therein expressed

_____
Notary Public

Dated: _____          AVATAR OUTSOURCING, INC.


                                  By:_____
                                  Name:
                                  Title:

  BE IT REMEMBERED, that on this ____ day of _____, 2020, before me the subscriber, _____, personally appeared _____, who, I am satisfied, is the person mentioned in the within instrument, and thereupon she acknowledged that she signed, sealed, and delivered the same as her voluntary act and deed, for the uses and purposes therein expressed

_____
Notary Public


Dated: _____          VOICELESS TECHNOLOGIES, INC.


                                  By:_____
                                  Name:
                                  Title:

  BE IT REMEMBERED, that on this ____ day of _____, 2020, before me the subscriber, _____, personally appeared _____, who, I am satisfied, is the person mentioned in the within instrument, and thereupon she acknowledged that she signed, sealed, and delivered the same as her voluntary act and deed, for the uses and purposes therein expressed

_____
Notary Public

Dated: _____         GEORGE KALTNER


                                       _____
                                       George Kaltner

     BE IT REMEMBERED, that on this ____ day of _____, 2020, before me the subscriber, _____, personally appeared _____, who, I am satisfied, is the person mentioned in the within instrument, and thereupon she acknowledged that she signed, sealed, and delivered the same as her voluntary act and deed, for the uses and purposes therein expressed


_____
Notary Public